

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-81,033-02

### EX PARTE STEPHANIE GONZALES, Applicant

### ON APPLICATION FOR WRIT OF HABEAS CORPUS
### CAUSE NO. 05-06-00046-CRK-A
### IN THE 218TH DISTRICT COURT
### FROM KARNES COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of a controlled substance and sentenced to twenty years' imprisonment. The Fourth Court of Appeals affirmed her conviction. *Gonzales v. State*, No. 04-07-00824-CR (Tex. App. — San Antonio, April 29, 2009, no pet.)(mem. op., not designated for publication).

In this application Applicant contends, among other things,[1] that her trial counsel rendered ineffective assistance because counsel failed to move for discovery, failed to obtain the arrest and conviction records of the State's witnesses, and failed to strike venire members who were related to Applicant and to a witness against Applicant.

Applicant has alleged facts that, if true, might entitle her to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

On May 21, 2014, this Court remanded this case and a companion case to the trial court to obtain an affidavit from trial counsel and findings of fact from the trial court. On October 2, 2014, this Court received the trial court's supplemental findings of fact and conclusions of law in both cases. In those findings, the trial court referred to statements made by trial counsel in his affidavit. However, the affidavit of trial counsel was not included in the supplement. On October 23, 2014, this Court received another supplement containing trial counsel's affidavit. However, the affidavit contained in the supplement responded to the allegations raised by Applicant in the companion case, and did not address the issues raised in the instant application. Because the trial court's findings of fact and conclusions of law refer specifically to statements made in counsel's affidavit with respect to these claims, there is presumably another affidavit which was not forwarded to this Court with the supplemental records. Without the affidavit, there is nothing in the supplemental record to support the trial court's findings of fact and conclusions of law in this case.

---

[1]This Court has considered Applicant's other grounds for review and finds them to be without merit.

This application will be held in abeyance until the trial court has supplemented the record with the affidavit to which the court cites in its supplemental findings of fact and conclusions of law. A supplemental transcript containing the affidavit shall be forwarded to this Court within 30 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: November 19, 2014
Do not publish